```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
THE PRESBYTERIAN CHURCH OF SUDAN, REV.    :
MATTHEW MATHIAN DEANG, REV. JAMES KOUNG   :
NINREW, NUER COMMUNITY DEVELOPMENT        :
SERVICES IN U.S.A., FATUMA NYAWANG        :   01 Civ. 9882 (DLC)
GARBANG, NYOT TOT RIETH, individually     :
and on behalf on the Estate of her        :   MEMORANDUM OPINION &
husband JOSEPH THIET MAKUAC, STEPHEN      :        ORDER
HOTH, STEPHEN KUINA, CHIEF TUNGUAR        :
KUEIGWONG RAT, LUKA AYUOL YOL, THOMAS     :
MALUAL KAP, PUOK BOL MUT, CHIEF PATAI     :
TUT, CHIEF PETER RING PATAI, CHIEF        :
GATLUAK CHIEK JANG, YIEN NYINAR RIEK,     :
and MORIS BOL MAJOK, and on behalf of     :
all others similarly situated,            :
                                          :
                    Plaintiffs,           :
                                          :
          -v-                             :
                                          :
TALISMAN ENERGY, INC., and REPUBLIC OF    :
THE SUDAN,                                :
                                          :
                    Defendants.           :
------------------------------------------X
```

DENISE COTE, District Judge:

    Plaintiffs Presbyterian Church of Sudan and Nuer Community Development Services in U.S.A. ("Organizational Plaintiffs") are suing in their individual capacities, as well as in a representative capacity to redress injuries to their members. In a letter dated April 28, 2005, defendant Talisman Energy, Inc. ("Talisman"), seeks a ruling that the Organizational Plaintiffs do not have standing to sue on behalf of their members.[1] In a

---

[1] The plaintiffs and Talisman also briefed this issue in connection with the plaintiffs' motion for class certification, which was denied on March 25, 2005. See Presbyterian Church of Sudan v. Talisman Energy, Inc., 226 F.R.D. 456, 485 (S.D.N.Y. 2005). That Opinion reserved decision on the question of the Organizational Plaintiffs' standing to sue on behalf of their members. See id. at 467. The parties' briefing on this question

letter dated May 2, 2005, the plaintiffs argue that this question has already been resolved in their favor and should not be revisited.

Deciding whether an organization may sue on behalf of its members requires the application of a familiar tripartite test that upholds such standing where:

> (a) [the organization's] members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

Bano v. Union Carbide Corp., 361 F.3d 696, 713 (2d Cir. 2004) (quoting Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 343 (1977)). An Opinion of March 19, 2003 by the Honorable Allen G. Schwartz held, inter alia, that the Organizational Plaintiffs met this test and therefore have standing to sue on behalf of their members. Presbyterian Church of Sudan v. Talisman Energy, Inc., 244 F. Supp. 2d 289, 333 (S.D.N.Y. 2003).

An intervening Second Circuit case sheds additional light on the circumstances where "the relief requested requires the participation of individual members in the lawsuit." Bano, 360 F.3d at 713. In an Alien Tort Statute case involving, among other plaintiffs, organizations suing on behalf of members who were injured in a toxic gas disaster at a chemical plant in India, the court noted that because the claims involved "bodily

---

however, was consulted for the purposes of this Opinion.

harm and damage to real property" inflicted on individual members, "[n]ecessarily, each of those individuals would have to be involved in the proof of his or her claims." Id. at 714-15. The organizational plaintiffs therefore failed to satisfy the third prong of the test because "whatever injury may have been suffered is peculiar to the individual member concerned, and both the fact and extent of injury would require individualized proof." Id. at 714 (citation omitted).

An Opinion of March 25, 2005 in this case denied the plaintiffs' motion for class certification, holding that "the only way to prove proximate causation is through individualized proof." Presbyterian Church, 226 F.R.D. at 482. Consequently, "[t]he plaintiffs will have to show with respect to each individual class member that the injuries for which they are claiming damages were actually caused by" the defendants' alleged conduct. Id. Given the necessity for individual proof of proximate causation in this case, the third prong of the test for organizational standing in a representative capacity is not met. Therefore, the Organizational Plaintiffs do not have standing to sue on behalf of their members, and may only sue in their individual capacities.

The plaintiffs emphasize that the March 19, 2003 Opinion held that the Organizational Plaintiffs have standing to sue on behalf of their members. That Opinion based its decision, in part, on the fact that "the instant action is a class action pursuant to Fed. R. Civ. P. 23." Presbyterian Church, 244 F.

3

Supp. 2d at 333. Given that new Second Circuit precedent exists on this point and that this action may not proceed as a class action pursuant to Rule 23, Fed. R. Civ. P., it is appropriate to exercise the Court's inherent discretion to revisit the question of the Organizational Plaintiffs' standing to sue in a representative capacity. See Aramony v. United Way of America, 254 F.3d 403, 410 (2d Cir. 2001).

SO ORDERED:

Dated: New York, New York
May 6, 2005

*Denise Cote*
DENISE COTE
United States District Judge